UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JASON BERRY,

                Petitioner,

v.                                                  9:18-CV-1077

JAMIE LAMANNA[1],                   (TJM)

                Respondent.

---

APPEARANCES:                                      OF COUNSEL:

JASON BERRY
Petitioner pro se
15-A-1433
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

THOMAS J. McAVOY
United States Magistrate Judge

# DECISION and ORDER

## I. INTRODUCTION

Petitioner Jason Berry filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[2] On October 5, 2018, this Court directed respondent to answer the petition. Dkt. No. 7.

---

[1] On February 21, 2019, the Court received notification from petitioner that he was transferred to a different facility. Dkt. No. 10. As the proper respondent for a habeas corpus action is the superintendent of the facility in which the petitioner is incarcerated, the caption should be amended to name "Raymond Coveny" as respondent. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). In light of this technical error, the Clerk is directed to terminate the named respondent and substitute the proper superintendent.

[2] Petitioner initially filed his petition in the Southern District of New York. On August 1, 2018, the action was transferred to this Court. Dkt. No. 2. Because petitioner failed to properly commence the action, it was administratively closed on September 10, 2018. Dkt. No. 4, Order dated September 10, 2018.

On January 3, 2019, respondent filed a motion to dismiss for failure to state a claim. Dkt. No. 8. The Court struck the motion from the record as being both improperly filed and formatted, and it granted respondent another opportunity to file a proper answer. Dkt. No. 9. Respondent opposed the petition. Dkt. No. 11, Answer; Dkt. No. 12, Memorandum of Law in Opposition of Petition; Dkt. No. 13, State Court Records ("SCR"). Petitioner did not file a reply.

For the reasons that follow, petitioner's habeas petition is denied and dismissed.

## II. RELEVANT BACKGROUND

Pursuant to a grand jury indictment, Petitioner was charged with five counts of drug sale and possession in Ulster County in October 2014. SCR 31-33. On January 16, 2015, petitioner appeared, represented by counsel, at a plea haring. *Id.* at 2-25. Petitioner pled guilty to the second count, third degree criminal possession of a controlled substance, in satisfaction of the entire indictment. *Id.* at 2-3.

During the plea hearing, the court advised petitioner of the possible consequences for sentencing given his potential persistent felony offender status. SCR at 5-6. Specifically, the dialogue was as follows:

> THE COURT: . . . You're a multiple felony offender. That could qualify as persistent felony offender status. That would mean that you had two prior separate and distinct felony convictions of which you serve more than one year in state prison, or the equivalent of that in another state . . . That means that your maximum possible sentence would be 25 years to life in prison. Do you understand that?
>
> [PETITIONER]: Yes, your Honor.

> THE COURT: Any questions about that?
>
> [PETITIONER]: No, sir.

*Id.* The court also outlined petitioner's potential maximum exposure if he were not found to be a violent felony offender, and instead was deemed a prior violent felon. *Id.* at 6-7.

The petitioner was also informed of his constitutional right to appeal and, pursuant to the advice of counsel, waived said right. SCR at 11-13. Petitioner then signed the waiver in open court. *Id.* at 13-14; *see also id.* at 34-36 (copy of the signed waiver of appeal form).

On March 27, 2015, petitioner appeared at a sentencing hearing. SCR at 21-25. At that hearing, the court noted its receipt of a prior felony offender affidavit. *Id.* at 21; *see also id.* at 62 (copy of the second felony offender affidavit). The court asked petitioner's counsel if petitioner "wish[ed] to deny or controvert any of the allegations in that Prior Felony Information." *Id.* Petitioner did not. *Id.* The court then clarified, asking if petitioner had "any constitutional challenge, any other legal challenge or factual challenge to [the prior felony offender affidavit]?" *Id.* at 21-22. Counsel again responded that petitioner did not. *Id.* Lastly, the court asked petitioner if he was "admitting that on February 28 of 2005 in Bronx County Supreme Court [he] w[as] convicted of criminal sale of a controlled substance in the third degree." *Id.* at 22. Petitioner agreed that he was admitting just that. *Id.* The court concluded that, based on petitioner's prior criminal record and plea, he would be sentenced "to serve a determinate term which shall be eight years . . . [with] three years of post-release supervision, restitution of $250[ and various court surcharges and fees.]" *Id.* at 23.

Petitioner filed a counseled brief on direct appeal in the Appellate Division, Third Department, asserting the single claim that his sentence was illegal because the sentencing

3

court failed to tell petitioner he had the right to (1) challenge the constitutionality of his prior conviction and (2) request a hearing to adjudicate the issue if he were to make such a challenge. SCR at 65-110. Respondent filed an opposition. *Id.* at 111-51.

On July 27, 2017, the Third Department unanimously affirmed petitioner's conviction. *People v. Berry*, 152 A.D.3d 1080, 1080 (3rd Dep't 2017). The Third Department held that petitioner's contention that he "was improperly sentenced as a predicate felony offender survive[] his appeal waiver[,] but was not preserved due to his failure to object at sentencing despite the opportunity to do so." *Id.* Moreover, disturbing the conviction for the interests of justice was not implicated because petitioner (1) was advised of the possible consequences of his persistent felony offender status during his plea; (2) received the second felony offender information and, ultimately, "affirmed that [he] did not wish to controvert the allegations in the information and did not have any constitutional or other challenge to the conviction;" and (3) then admitted his guilt. *Id.* at 1081.

Although petitioner was served with the Appellate Division's order (SCR at 155), petitioner never applied for leave to appeal to the New York State Court of Appeals (Pet. at 2; Answer at 1-2)[3].

## III. PRESENT PETITION

Petitioner contends that he is entitled to federal habeas relief because he was denied a fair trial when there was an "improper allocution and adjudication of [petitioner] by the court as a prior violent felony offender." Pet. at 2; *see also Id.* at 17.

---

[3] Citations to the petition and answer refer to the pagination generated by CM/ECF, the Court's electronic filing system.

## IV. DISCUSSION

Respondent argues that petitioner's sole claim is unexhausted, procedurally defaulted, and meritless. Dkt. No. 12 at 5-11. The Court agrees that, for the aforementioned reasons, petitioner's argument regarding his persistent felony offender status is procedurally deficient. Therefore, petitioner's claim is foreclosed from review and the petition is denied and dismissed.[4]

### A. Procedural Default Based Upon Failure to Exhaust

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs petitions for individuals incarcerated for the commission of state crimes who are seeking federal habeas corpus relief. 28 U.S.C. § 2254. The ADEPA provides that an application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii). "The exhaustion requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]'" *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court

---

[4] Because the Court dismissed petitioner's claim as procedurally defaulted, it need not also address the merits of petitioner's claims.

5

(including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted); *Fama v. Comm'r. of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000). In other words, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The petitioner must have used the proper procedural vehicle so that the state court may pass on the merits of his or her claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985); *Barton v. Fillion*, No. 9:03-CV-1377 (DNH/GJD), 2007 WL 3008167, at *5 (N.D.N.Y. Oct. 10, 2007). "[W]hen a 'petitioner fail[s] to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' the federal habeas court should consider the claim to be procedurally defaulted." *Clark v. Perez*, 510 F.3d 382, 390 (2d Cir. 2008) (quoting *Coleman v. Thompson*, 510 U.S. 722, 735 n.1 (1991).

Here, petitioner failed to raise his persistent felony offender status claim to the Court of Appeals when he did not seek leave to appeal the Third Department's decision. Pet. at 2, Answer at 1-2. Thus, because the claims were not presented to the highest state court they are now unexhausted. *See Cano v. Walsh*, 170 F. App'x 749, 750 (2d Cir. 2006) ("The claim was not properly presented to the courts of New York because the petitioner never sought leave to appeal to the New York Court of Appeals the decision of the Appellate Division[.]") (citing *Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000)); *see also Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990) ("Until [petitioner] presents his claim to the highest state court

6

– whether or not it seems likely that he will be held to be procedurally barred – he has not exhausted available state procedures.").

Further, the claim is procedurally defaulted because petitioner can no longer raise it in any state forum. "The time afforded by New York law for filing a leave application has expired." *Cano*, 170 F. App'x at 750 (citing New York Criminal Procedure Law §§ 460.10(5)(a), 460.30(1) (fixing the time at 30 days from service of the order plus a one-year grace period)). Further, petitioner already utilized the direct appeal to which he is entitled and, because the claim was reviewable from the record, he cannot raise it in a motion to vacate the judgment. *See Grey v. Hoke*, 933 F.2d 117, 120-21 (2d Cir. 1991) (explaining that where "the one request for leave to appeal" was taken and additional collateral review would be barred because the issues could have been raised on direct appeal, "petitioner no longer has 'remedies available' in the . . . state courts . . . and . . . he had met the statutory exhaustion requirements . . .").

Procedurally defaulted claims are not subject to habeas review unless a petitioner shows cause for the default and actual resulting prejudice, or that the denial of habeas relief would result in a fundamental miscarriage of justice, i.e., that he or she is actually innocent. *House v. Bell*, 547 U.S. 518, 536-39 (2006); *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014); *see Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.") (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). To establish cause, petitioner must show that some objective external factor impeded his ability to comply with the relevant procedural rule. *Maples v. Thomas*, 565 U.S. 266, 280 (2012); *Coleman*, 501 U.S. at 753. If a petitioner fails to establish cause, a court need not decide whether he

7

suffered actual prejudice, because federal habeas relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (referring to the "cause-and-prejudice standard"); *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985).

Here, petitioner does not identify any cause for his default, and he does not argue that he is actually innocent. Because cause was not established, no discussion of prejudice is necessary.

Thus, there is nothing that can save petitioner's procedurally defaulted claim: habeas relief is precluded.

### B. Procedural Default Based Upon Independent and Adequate State Law Grounds

Substantive review of a habeas claim is prohibited if the state court rested its decision on "'a state-law ground that is independent of the federal question and adequate to support the judgment.'" *Walker v. Martin*, 562 U.S. 307, 315 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 55 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). To qualify as an "adequate" ground, the state rule must be "firmly established and regularly followed." *Id.* at 316 (quotation marks and citation omitted); *Downs v. Lape*, 657 F.3d 97, 101 (2d Cir. 2011) (explaining that habeas review of a state court's application of its own rules is deferential and is focused on whether the challenged ruling "falls within the state's usual practice and is justified by legitimate state interests, not whether the state court ruling was correct."). A rule can be firmly established and regularly followed "even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Kindler*, 558 U.S. at 61.

New York law requires defendants to preserve challenges to a state court's legal rulings by objecting at a time when the trial court may act to correct the error. CPL § 470.05(2) (providing that a question of law is presented when "a protest thereto was registered, by the party claiming error, at the time of such ruling . . . or at any subsequent time when the court had an opportunity of effectively changing the same."); *People v. Luperon*, 85 N.Y.2d 71, 78 (1995) (the preservation rule requires, "at the very least, that any matter which a party wishes the appellate court to decide have been brought to the attention of the trial court at a time and in a way that gave the latter the opportunity to remedy the problem and thereby avert reversible error."); *People v. Gray*, 86 N.Y.2d 10, 19 (1995) ("[I]n order to preserve a claim of error in the admission of evidence or a charge to the jury, a defendant must make his or her position known to the court.") (citing CPL § 470.05); *see also Downs*, 657 F.3d at 103 ("The relevant part of the contemporaneous objection rule . . . provides that . . . New York appellate courts will review only those errors of law that are presented at a time and in a manner that reasonably prompted a judge to correct them . . . ."). "The chief purpose of demanding notice through [specific] objection or motion in a trial court . . . is to bring the claim to the trial court's attention. A general motion fails at this task." *Gray*, 86 N.Y.2d at 20. The Second Circuit has long held "that the contemporaneous objection rule is a firmly established and regularly followed New York procedural rule . . . [and] constitutes an independent and adequate state law ground for disposing of a claim . . . ." *Downs*, 657 F.3d at 104.

Here, the Third Department rejected petitioner's claim as unpreserved because petitioner "fail[ed] to object at sentencing despite an opportunity to do so." *Berry*, 152 A.D.3d at 1080. This constitutes an independent and adequate state ground. *Downs*, 657 F.3d at

104; *Richardson v. Greene*, 497 F.3d 212, 219 (2d Cir. 2007) ("[A]pplication of the state's preservation rule is adequate – i.e. firmly established and regularly followed."); *Santana v. Lee*, No. 9:11-CV-0105 (NAM/TWD), 2015 WL 4207230, at *20 ("The New York preservation rule has been determined to be an adequate and independent state law ground precluding federal habeas review.").

Accordingly, petitioner's habeas petition is denied as procedurally barred.

In "exceptional cases," the "exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 534 U.S. 362, 376 (2002); *see Cotto v. Herbert*, 331 F.3d 217, 239 (2d Cir. 2003) (quoting *Lee*, 534 U.S. at 376).[5] But here, the Appellate Division's application of the preservation rule to bar petitioner's claim was consistent with the state's usual practice, and the record supports the court's conclusion that the claims were not raised during his sentencing. SCR at 21-22.

Therefore, petitioner's cause of action is not appropriately classified as an exceptional case.

Because the Appellate Division explicitly invoked the preservation rule with respect to petitioner's challenge to his persistent felony offender status, federal habeas review is barred unless he shows cause for the default and actual resulting prejudice, or that the denial of habeas relief would result in a fundamental miscarriage of justice, i.e., that he or she is

---

[5] In determining whether the application of an independent state rule was "exorbitant," the court should consider: (1) whether the alleged procedural violation was actually relied upon by the trial court and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state case law required compliance with the rule in the specific circumstances; and (3) whether petitioner had "substantially complied" with the rule given the "realities of trial," and whether demanding perfect compliance with the rule would serve a legitimate governmental interest. *Garvey v. Duncan*, 485 F.3d 709, 714 (2d Cir. 2007) (quoting *Cotto,* 331 F.3d at 240). The *Cotto* factors are not all determinative, but are a guide to evaluate the state's interest in a particular rule in the circumstances of a particular case. *Id.* at 714. The Court has considered these factors in concluding that the procedural bar was not exorbitant in this case.

actually innocent. *House*, 547 U.S. at 536-39; *Schlup v. Delo*, 513 U.S. at 327. As previously stated, petitioner has not asserted that cause for the default exists or that he is actually innocent.

Accordingly, petitioner's claim with regard to his persistent felony offender status is procedurally barred and habeas relief is precluded.

**V. CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk is respectfully directed to terminate the named respondent and substitute the proper superintendent; and it is further

**ORDERED** that the petition (Dkt. No. 1) is **DENIED AND DISMISSED IN ITS ENTIRETY**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[6] and it is further

**ORDERED** that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: April 15, 2019

Thomas J. McAvoy
Senior, U.S. District Judge

---

[6] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).